17-2068-cr
United States v. Nelson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of March, two thousand nineteen.

Present:      PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                   *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

              v.                                                    17-2068-cr

ORANE NELSON,

                     *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Marshall Aron Mintz, Mintz & Oppenheim, LLP, New York, N.Y.

Appearing for Appellee:      Jared Lenow, Assistant United States Attorney, (Jessica Feinstein, Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman., United States Attorney for the Southern District of New York, New York, N.Y.

---

[1] The Clerk of Court is directed to amend the caption as above.

Appeal from an order the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellant Orane Nelson appeals from a judgment of conviction entered on June 28, 2017, in the United States District Court for the Southern District of New York, following a two-week jury trial before the Honorable Denise L. Cote, at which Nelson was found guilty of: 1. conspiracy to distribute and possess with intent to distribute 280 grams and more of cocaine base, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; 2. Firearms violations in relation to the Count One narcotics conspiracy, *see* 18 U.S.C. § § 924(c)(1)(A)(i) and (2); 3. murdering Jennifer Rivera through the use of a firearm, *see id.* §§ 924(j)(1) and (2); 4. murdering Jason Rivera through the use of a firearm, *see id*. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Nelson does not challenge his sentence of 65 years' imprisonment, imposed for these crimes. Rather, he primarily argues that: (1) the untimely and insufficient disclosure of material impeachment evidence regarding a key cooperating witness violated *Brady v. Maryland*, 373 U.S. 83 (1963), and Nelson's right to due process; (2) prosecutorial misconduct infected every stage of the proceedings, also violating Nelson's right to due process; (3) the admission, under the residual exception of Rule 807, of double hearsay statements from four witnesses was an abuse of discretion; (4) the use of unauthenticated threat evidence, and evidence of the victim's violent character and specific prior acts, was plain error; and (5) the cumulative effect of the errors requires vacatur. We reject each of Nelson's arguments.

1. **Impeachment Evidence**

The government has an obligation under the Due Process Clause to disclose to the defendant material exculpatory and impeaching evidence. *See Brady*, 373 U.S. 83; *Giglio v. United States*, 405 U.S. 150 (1972). Evidence that is not "disclos[ed] in sufficient time to afford the defense an opportunity for use" may be deemed suppressed within the meaning of the *Brady* doctrine. *Leka v. Portuondo*, 257 F.3d 89, 103 (2d Cir. 2001). The suppression of exculpatory or impeaching evidence does not constitute a constitutional violation unless the evidence is "material." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). "A new trial is generally not required when the testimony of the witness is corroborated by other testimony or when the suppressed impeachment evidence merely furnishes an additional basis on which to impeach a witness whose credibility has already been shown to be questionable." *United States v. Payne*, 63 F.3d 1200, 1210 (2d Cir. 1995) (internal quotation marks and citations omitted). This Court "review[s] an unpreserved Brady claim for plain error." *United States v. Kirk Tang Yuk*, 885 F.3d 57, 86 (2d Cir. 2018). Nelson concedes that this issue is not preserved.

Here, shortly before trial, the government disclosed Section 3500 material that included statements that could be used to impeach one of the government's cooperating witnesses. Nelson argues that the timing and manner of production amounted to suppression. We disagree. Although the material was voluminous, it was catalogued and well-organized, and defense

2

counsel's comments during trial made clear that he had reviewed the Section 3500 material. (Tr. 483-84.) In any event, the impeachment evidence is not material because of the substantial independent evidence of Nelson's guilt and because of the ample impeachment evidence the defense had already elicited as to this witness at trial. *See United States v. Persico*, 645 F.3d 85, 111 (2d. Cir. 2011) (explaining that impeachment evidence is not "material in the *Brady* sense when, although possibly useful to the defense, it is not likely to have changed the verdict") (internal quotation marks omitted).

## 2. Prosecutorial Misconduct

Nelson argues that the prosecutor improperly vouched for, and elicited testimony about, the government witnesses' credibility. "[T]he Government may not introduce the bolstering aspects of a cooperation agreement unless and until the witness's credibility has been questioned in ways that 'open the door' to the admission of the agreement." *United States v. Certified Env. Servs., Inc.*, 753 F.3d 72, 86 (2d Cir. 2014). Here, defense counsel "opened the door" to rehabilitation during opening statements by commenting on the honesty of the cooperating witnesses, and their motivation to lie. Thus, the government's challenged conduct after the defense attack was not bolstering. As for its own opening's reference to the cooperation agreement, even if we were to identify vouching, which is not apparent, any error was harmless and not plain error.

Nelson argues that the prosecutor improperly expressed his personal brief during rebuttal summation by, for example, referring to text messages as "unassailable proof" and security video as "extraordinary evidence." (Tr. 1454, 1460.) But we have emphasized that "[a] prosecutor is not precluded from vigorous advocacy, or the use of colorful adjectives, in summation." *United States v. Rivera*, 971 F.2d 876, 884 (2d Cir. 1992). We have considered Nelson's remaining arguments of prosecutorial misconduct and conclude they are also meritless.

## 3. Residual Exception Admission

Nelson argues that the district court abused its discretion by admitting under the residual hearsay exception objected-to statements by Sandy Rivera, Jason Rivera's deceased aunt, regarding Jason's last words to her on the night he was shot. The Court requested post-argument letters, which the parties submitted, addressing in further detail this application of the residual hearsay exception.

This Court will reverse the evidentiary rulings of the district court only for abuse of discretion. *United States v. Natal*, 849 F.3d 530, 534 (2d Cir. 2017). Rule 807 provides for a limited, residual exception regarding hearsay: a hearsay statement may be admitted if: "(i) it is particularly trustworthy; (ii) it bears on a material fact; (iii) it is the most probative evidence addressing that fact; (iv) its admission is consistent with the rules of evidence and advances the interests of justice; and (v) its proffer follows adequate notice to the adverse party." *United States v. Morgan*, 385 F.3d 196, 208 (2d Cir. 2004) (internal quotation marks omitted).

The district court explained in detail its ruling as to the residual exception admission of statements made by Sandy Rivera. In particular, the court noted that a) "Jason's statements to

Sandy [were admissible] because they describe his then present state of mind and his plans for that evening, that is, who he was going to meet and why he was going to meet that person," and b) the "circumstantial guarantees of trustworthiness [as to Sandy's statements] include the fact that the same kind of statement, with some variations, was made to so many people, so many different people in the period when Sandy Rivera was deep in grief and they were made close in time to the murders." (Tr. 16, 2/16/17 Hrg.) The district court did not abuse its discretion in admitting the statements.

### 4. Threat Evidence

Nelson argues that the government failed to properly authenticate evidence of a call made to Nelson before the shootings and a threatening call Nelson placed after the murders, and that the evidence of the threatening call was unduly prejudicial. These arguments, which Nelson did not preserve below, fail.

"While a mere assertion of identity by a person talking on the telephone is not in itself sufficient to authenticate that person's identity, some additional evidence, which need not fall into any set pattern, may provide the necessary foundation." *United States v. Khan*, 53 F.3d 507, 516 (2d Cir. 1995) (internal quotation marks and alterations omitted). As to the first call, that Nelson identified himself after the witness placed a call to Nelson's number was sufficient to authenticate the call. *See id*. As to the second call, self-identification by Nelson making the call, considered together with the fact that Nelson referred to himself as "A," when the witness is the only person on record as having referred to him as "A," suffices for authentication purposes. The district court did not plainly err regarding authentication of these calls.

### 5. Cumulative Effect

"[T]he cumulative effect of a trial court's errors, even if they are harmless when considered singly, may amount to a violation of due process requiring reversal of a conviction." *United States v. Al-Moayad*, 545 F.3d 139, 178 (2d Cir. 2008) (citing *Taylor v. Kentucky*, 436 U.S. 478, 487 n.15 (1978)). Noting that whether trial counsel was ineffective for failing to object is an issue for collateral review, Nelson argues that the "sheer number of issues that went without challenge" demonstrate that "it is unreasonable to assume that defense counsel was aware, or appropriately assess[ed] the prejudicial impact, of any of them." For the reasons stated above, the district court did not err such that the cumulative effect requires reversal of Nelson's conviction.

We have considered the remainder of Nelson's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4